**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
LINDA SORIERO

            Plaintiff,

  - against -

BATTERY PARK CITY AUTHORITY

            Defendant.
------------------------------------------------------------X

Civil Action No.

**COMPLAINT**

Plaintiff LINDA SORIERO ("Plaintiff"), by his attorneys, Thomas M. Lancia PLLC, complains of Defendant BATTERY PARK CITY AUTHORITY ("Defendant"), as follows:

**PARTIES AND JURISDICTION**

1. Plaintiff resides at 1762 11th Street, Brooklyn, New York 11223.

2. Defendant is an employer as defined by § 8-102 of the Administrative Code of the City of New York (the "Code") and employs fifteen (15) or more employees. Defendant's address is One Financial Center, 24th Floor, New York, New York 10281. Upon information and belief, Defendant is a public authority under Article 8, Title 12 of the Public Authorities Law of the State of New York

3. This action is brought to enforce the statutory and regulatory provisions of Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111 *et seq.*, which incorporates through 42 U.S.C. § 12117 the powers, remedies, and procedures set forth in Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5. The Court has jurisdiction over the Plaintiff's Civil Rights Act claims pursuant to 42 U.S.C. § 2000e-5(f)(3). The Court has supplemental jurisdiction over the Plaintiff's remaining claims pursuant to 28 U.S.C. § 1367.

4. Plaintiff's Notice of Right To Sue Letter issued by the United States Equal Employment

Opportunity Commission is attached hereto as Exhibit 1.

5. Venue is proper in this Court pursuant to, *inter alia*, 42 U.S.C. § 2000e-5(f)(3).

## STATEMENT OF FACTS

6. Plaintiff was a financial assistant, performing the following duties, without limitation, RFP's for investment advisors, underwriters and the like, assisted in the bond Issuance process, prepared investment letters, posted Daily Investment tickets and created a weekly investment report for President's approval, conducted research and collaborated with various State & Local governmental executive officials. She also scheduled meetings, filed documents, maintained T & E expenditures and so on.

7. Plaintiff began working for Defendant in December of 1998. Her entire career there was spent working for Defendant's Chief Financial Officer, who retired in 2016.

8. In March of 2017, Plaintiff developed carpal tunnel syndrome, in part as a result of her many hours over many years devoted to her work for Defendant. Dr. Bleischer, the workers' compensation physician, examined Plaintiff. His diagnosis was that Plaintiff not only suffered from carpal tunnel syndrome but also presented with a torn rotator cuff, cervical spine derangement and a herniated disc.

9. On or about April 4, 2017, Plaintiff was diagnosed with a temporary disability and designated to receive worker's compensation. Her doctor faxed a letter to Defendant confirm her disability the same day.

10. On April 5, 2017, the day after receiving confirmation of her disability, Defendant mailed a letter to Defendant indicating that her employment had been terminated, effective immediately. Plaintiff did not receive any severance pay.

11. Defendant has a policy regarding "involuntary separation" from the employ of Defendant. "Involuntary separation" occurs when an employee is terminated from his or her employment with Defendant because of "a layoff due to budget reductions, reorganization, workforce downsizing, or other causes not related to job performance or conduct of the employee." "Involuntary separation" does not include an employee with a "disability covered by Workers' Compensation or NYS Disability Insurance."  This policy is patently discriminatory against workers with disabilities employed by Defendant, including Plaintiff.

12. By terminating Plaintiff immediately after she was authorized to receive workers' compensation, Defendant avoided paying severance to an employee with a disability that it paid to any other employee whose employment with Defendant was terminated.

13. Defendant discriminated against Plaintiff by terminating her employment based on her disability and by refusing to provide her with a reasonable accommodation for her disability in violation of the Americans with Disabilities Act, 42 U.S.C. 12101 *et seq.* ("ADA"), Section 10-35 of the New York State Workers' Compensation Law, as well as §§8-107(l)(a) and 8-107(15) of the New York City Administrative Code and have damaged her thereby.

## COUNT ONE

### (Failure to Reasonably Accommodate in Violation of the ADA)

14.  Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein at length.

15. Plaintiff's conditions as described in this Complaint, including without limitation carpal tunnel syndrome, constitute disabilities within the meaning of the American Disabilities Amendments Act.

16. Plaintiff's disabilities, when active, substantially limit the operation of her major bodily functions, including without limitation, neurological and orthopedic functions.

17. Plaintiff's disabilities, when active, substantially limit Plaintiff's abilities not only to work, but to perform other functions as well.

18. Defendant knew of Plaintiff's disabilities, regarded Plaintiff as disabled, and had a record of Plaintiff's disabilities.

19. With a reasonable accommodation that would have placed no undue hardship on Defendant, upon her return to work, Plaintiff could have performed the essential functions of her position, as she had done for nearly twenty years.  Defendant violated the ADA by failing to accommodate Plaintiff's disabilities and failing to engage in the interactive process.

20.  As a result of Defendant 's unlawful acts, Plaintiff has suffered and continues to suffer damages, including past and future lost wages and benefits, past and future physical and emotional distress, and other damages including the attorneys' fees and costs incurred in prosecuting this action.

## COUNT TWO

### (Discrimination Based on Disability in Violation of the ADA)

21. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

22. Defendant violated the ADA when it discharged Plaintiff's employment because of her disabilities.

23. Defendant acted willfully and maliciously by terminating Plaintiff's employment because she applied for and received worker's compensation insurance due to her

disabilities. Defendant further denied her severance pay because of her disability, despite her long, faithful and continuous service.

24. Defendant acted intentionally and with malice and/or reckless indifference to Plaintiff's federally protected rights.

25. As a result of Defendant's unlawful acts, Plaintiff has suffered and continues to suffer damages, including past and benefits, past and future physical and emotional distress, and other damages including the attorneys' fees and costs incurred in prosecuting this action.

## COUNT THREE

### (Retaliation in Violation of the ADA)

26. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

27. Plaintiff participated in protected activities under the ADA by, among other things, requesting and receiving workers compensation as a result of her disabilities.

28. By ultimately terminating Plaintiff's employment, Defendant unlawfully retaliated against Plaintiff in violation of the ADA.

29. Defendant acted intentionally and with malice and/or reckless indifference to Plaintiff's federally protected rights.

30. As a result of Defendant's unlawful acts, Plaintiff has suffered and continues to suffer damages, including past wages and benefits, past and future physical and emotional distress, and other damages including the attorneys' fees and costs incurred in prosecuting this action.

## COUNT FOUR

**(Failure to Reasonably Accommodate in Violation of the New York City Human Rights Law)**

31. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

32. Plaintiff's conditions as described in this Complaint constitute disabilities within the meaning of the New York City Human Rights Law (HRL").

33. Defendant violated the HRL by failing to accommodate Plaintiff's disabilities or even engaging in the interactive process with Plaintiff, and subsequently terminating her employment without the severance payments received by other employees whose employment was involuntarily terminated.

34. Defendant acted intentionally and with malice and/or reckless indifference to Plaintiff's statutorily protected rights.

35. As a result of Defendant's unlawful acts, Plaintiff has suffered and continues to suffer damages, including past wages and benefits, past and future physical and emotional distress, and other damages including the attorneys' fees and costs incurred in prosecuting this action.

## COUNT FIVE

**(Discrimination Based on Disability in Violation of the HRL)**

36. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

37. Defendant violated the HRL when it terminated Plaintiff's employment because of her disabilities.

38. Defendant violated the HRL when it failed to pay Plaintiff severance.

39. Defendant acted intentionally and with malice and/or reckless indifference to Plaintiff's statutorily protected rights.

40. As a result of Defendant's unlawful acts, Plaintiff has suffered and continues to suffer damages, including past and benefits, past and future physical and emotional distress, and other damages including the attorneys' fees and costs incurred in prosecuting this action.

## COUNT SIX

### (Retaliation in Violation of the HRL)

41. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

42. Plaintiff participated in protected activities under the HRL by, among other things, requesting workers compensation. By ultimately terminating Plaintiff's employment, and failing to pay severance Defendant unlawfully retaliated against Plaintiff in violation of the HRL.

43. Defendant acted intentionally and with malice and/or reckless indifference to Plaintiff's statutorily protected rights.

44. As a result of Defendant's unlawful acts, Plaintiff has suffered and continues to suffer damages, including past wages and benefits, past and future physical and emotional distress, and other damages including the attorneys' fees and costs incurred in prosecuting this action.

## COUNT SEVEN

### (Unlawful termination under the Worker's Compensation Law)

45. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

46. Under New York State Workers' Compensation Law Section 10-35, an employer is prohibited from discharging or discriminating against an employee because the employee filed a workers' compensation or disability benefits claim.

47. Plaintiff was discharged from her employment and discriminated against upon termination of her employment due, in part of in whole, to her claim for worker's compensation, arising out of her disability.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims properly triable by a jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court accept jurisdiction over this matter and award Plaintiff in excess of $1,000,000 including:

(a)  An award of front pay (including benefits);

(b)  Back pay, wages and other lost prerequisite and benefits in an amount to be determined at trial;

(c)  Compensatory damages including damages for emotional distress, humiliation and pain and suffering;

(d)  Pre-judgment and post-judgment interest;

(e) An award of front pay (including benefits);

(f) Back pay, wages and other lost prerequisite and benefits in an amount to be determined at trial;

(g) Compensatory damages including damages for emotional distress, humiliation and pain and suffering;

(h) Pre-judgment and post-judgment interest;

(i) Reasonable attorneys' fees and costs incurred in the prosecution of this action;

(j) Punitive damages for Defendants' malicious, willful and/or reckless disregard for Plaintiff's statutory rights; and

(k) Such other legal and equitable relief as may appear to this Court to be just and proper.

Dated: New York, New York
March 2, 2018

Yours, etc.
THOMAS M. LANCIA PLLC

*Thomas M. Lancia*
_____
Thomas M. Lancia, Esq.
*Attorneys for Plaintiff Linda Soriero*
22 Cortlandt Street
16th Floor
New York, New York 10007
212.964.3157
tlancia@lancialaw.com